UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
MAR 21 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. 18MJ1311 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| Isaac Alejandro OCAMPO, | Title 8, U.S.C., Sec. 1324(a)(2)(B)(iii) Bringing in Unlawful Alien(s) Without Presentation |
| Defendant. | |

The undersigned complainant, being duly sworn, states:

On or about March 20, 2018, within the Southern District of California, defendant, Isaac Alejandro OCAMPO, with the intent to violate the immigration laws of the United States, knowingly and in reckless disregard of the fact that aliens, namely, Lazaro GARIBAY-Onofre, and Juana DIAZ-Martinez had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Linnet Edasi, CBP Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence this 21st day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that Lazaro GARIBAY-Onofre and Juana DIAZ-Martinez are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On March 20, 2018, at approximately 1:36 P.M., Isaac Alejandro OCAMPO (Defendant), a United States Citizen, made application for admission into the United States from Mexico through the Otay Mesa Port of Entry vehicle primary lanes. Defendant was the driver and sole visible occupant of a 1997 Honda Accord bearing California license plates. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented his valid California identification card and stated he was traveling to Otay Mesa. The CBP Officer was alerted to a computer-generated referral on Defendant and the vehicle. The CBP Officer conducted a cursory inspection of the vehicle and discovered two people concealed in trunk of the vehicle. The CBP Officer requested assistance and CBP Officers escorted Defendant to the security office. The vehicle was driven to the secondary lot for further inspection.

In secondary, one male and one female were assisted out of the trunk. They were later identified as Lazaro GARIBAY-Onofre (MW1) and Juana DIAZ-Martinez (MW2). Material Witnesses were determined to be citizens and nationals of Mexico with no entitlements to enter, reside or pass through the United States.

Defendant was advised of his Miranda rights and elected to answer questions without the benefit of counsel. Defendant stated he was aware there was at least one concealed person in the vehicle he was driving. Defendant stated he was going to be paid $3,000.00 USD to smuggle a person into the United States. According to Defendant, he was going to drive to a gas station at the junk yards in Otay Mesa and make a phone call to the smugglers to receive further instructions.

During a videotaped interview of MW1 and MW2, both admitted to being citizens of Mexico. MW1 and MW2 stated they did not possess documents to lawfully enter or reside in the United States. MW1 stated he was going to pay 14,000 Mexican Pesos and MW2 stated her family paid an unknown amount to be smuggled into the United States. MW1 and MW2 stated they were in route to Lamont, California and Oxnard, California respectively.